IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGIE PIZARRO, | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| | : | |
| v. | : | NO.  26-2165 |
| | : | |
| C/O LOFTIS, | : | |
| **Defendant.** | : | |

## ORDER

**AND NOW**, this 25th day of June 2026, upon consideration of plaintiff Georgie Pizarro's motion to proceed *in forma pauperis* (DI 4), Prisoner Trust Fund Account Statement (DI 5), and *pro se* complaint (DI 1), it is **ORDERED**:

1.      Plaintiff's motion for leave to proceed *in forma pauperis* (DI 4) is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.      Georgie Pizarro, #984628, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case.  The court directs the Warden of Curran-Fromhold Correctional Facility or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Mr. Pizarro's inmate account; or (b) the average monthly balance in Mr. Pizarro's inmate account for the six-month period immediately preceding the filing of this case.  The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this order to the court with a reference to the docket number for this case.  In each succeeding month when the amount in Mr. Pizarro's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding

month's income credited to Mr. Pizarro's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

3.     The Clerk of Court is **DIRECTED** to send a copy of this order to the Warden of Curran-Fromhold Correctional Facility.

4.     The complaint is **DEEMED** filed.

5.     For the reasons stated in the court's memorandum, Mr. Pizarro's claim against C/O Loftis for excessive force may proceed, but to the extent that Mr. Pizarro's complaint asserts any other claims, they are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

6.     The Clerk of Court is **DIRECTED** to send Mr. Pizarro a blank copy of the court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.

7.     Mr. Pizarro is given forty-five (45) days to file an amended complaint in the event he can allege additional facts to state a plausible claim against any individual or entity other than C/O Loftis or can include more facts about C/O Loftis's involvement in issues other than the alleged excessive force incident.  Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Mr. Pizarro's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 26-2165.  **If Mr. Pizarro files an amended complaint, his amended complaint must be a complete document that includes all of the bases for Mr. Pizarro's claims, including the excessive force claim against C/O Loftis that the court has not yet dismissed, if he seeks to proceed on that claim.  Claims that are not included in the amended complaint will not be considered part of this case.**  When drafting

his amended complaint, Mr. Pizarro should be mindful of the court's reasons for dismissing his claims as explained in the court's memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the court.

8.      If Mr. Pizarro does not file an amended complaint within forty-five days, the court will direct service of his initial complaint on defendant C/O Loftis only.  Mr. Pizarro may also notify the court that he seeks to proceed on that claim alone rather than file an amended complaint.  If he files such a notice, Mr. Pizarro is reminded to include the case number for this case, 26-2165.

9.      The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the court issues summonses in this case if summonses are issued.

**MURPHY, J.**

3